BRYAN L. HAWKINS, Bar No. 238346
bryan.hawkins@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  916.447.0700
Facsimile:  916.447.4781

ELLIOTT J. WILLIAMS [Pro Hac Vice Pending]
elliott.williams@stoel.com
STOEL RIVES LLP
760 SW 9th Avenue, Suite 3000
Portland, OR  97204
Telephone:  (503) 224-3380

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYLAND HEALTH PRODUCTS LLC, a Washington company; and DPL Trading, Inc., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> 3DB.MKT LLC, a Kansas company; and ETHAN DOUD, an individual, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION** <br><br> DEMAND FOR JURY TRIAL |

-1-

COMPLAINT

153780232.6 0085760-00100

Plaintiffs Bayland Health Products LLC (hereinafter "Bayland") and DPL Trading, Inc. ("DPL") (collectively, "Plaintiffs") bring this Complaint against Defendants 3DB.MKT LLC ("3DB.MKT") and Ethan Doud ("Doud") (collectively, "Defendants") and allege as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Bayland is a Washington limited liability company with its principal place of business in Bellevue, Washington.

2. DPL is a California corporation with its principal place of business in Montclair, California.

3. Upon information and belief, 3DB.MKT is a Kansas limited liability company with a registered office 809 N Cedar Park St., Wichita, Kansas 67235.

4. Upon information and belief, Doud is an individual residing in Bakersfield, California.

5. This is an action for trademark infringement and counterfeiting arising under Section 32 of the Trademark Act of 1946 ("the Lanham Act"), as amended, 15 U.S.C. § 1114; unfair competition and trademark infringement arising under Section 43 of the Lanham Act, as amended, 15 U.S.C. § 1125; violation of California unfair competition laws including Cal. Bus. & Prof. § 17200, and common law trademark infringement and unfair competition.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as it involves a federal question; under 28 U.S.C. § 1338 as it involves claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and under 28 U.S.C. § 1332 as the action is between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00. This Court has supplemental jurisdiction over the claims that arise under state and common law pursuant to 28 U.S.C. § 1367(a) in that they are substantially related to the claims that arise under the Lanham Act. Furthermore, this Court has supplemental jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

7.    This Court has personal jurisdiction over Defendants because Doud is residing in California and specifically in this district in Bakersfield. Because Doud is the sole founder, owner, organizer, and operator of 3DB.MKT, LLC, 3DB.MKT, LLC is also residing in this district.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## II.  DPL'S REGISTERED MARKS AND GENUINE PRODUCTS

9.    DPL creates and sells a wide variety of health and wellness nutrition products under the brand Micro Ingredients® ("Micro Ingredients® Products"), for example as described at microingredients.com.

10.    The United States Patent and Trademark Office duly issued multiple federal trademark registrations for DPL's Micro Ingredients® mark, including but not limited to U.S. Reg. Nos. 5,092,525; 8,149,494; 8,310,428; 8,310,430; and 8,310,431 (the "Micro Ingredients® Registrations," see Exhibit A).

11.    DPL offers and sells some Micro Ingredients® Products in air-sealed, food-safe packaging with the Micro Ingredients® trademark shown at the top of the package, for example the Micro Ingredients® Products shown below.

  

12.    The Micro Ingredients® Registrations are each valid and subsisting and have not been cancelled.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT

13.    Each of the Micro Ingredients® Registrations constitutes *prima facie* evidence of the validity of the registered mark, and of DPL's ownership of each registration and mark.

14.    For over ten years, DPL has invested heavily in the Micro Ingredients® brand. DPL promotes Micro Ingredients® nationally via advertising, social media, press releases, and other means.

15.    DPL promotes and distributes its Micro Ingredients® Products on various ecommerce platforms and its own website. Goodwill and consumer recognition of Micro Ingredients® Products through promotion and distribution by DPL and its authorized licensees accrues to the Micro Ingredients® brand owned by DPL.

16.    Bayland is DPL's exclusive licensee and authorized distributor of Micro Ingredients® Products on Amazon.com.

17.    The well-established reputation of the Micro Ingredients® brand is reflected in many unpaid mentions in national and regional publications such as journals, magazines, product guides, forums, and articles, as well as in product reviews and in random mentions in the press, on TikTok, in blog posts and other aspects of social media, and through unsolicited testimonials from Micro Ingredients® customers.

18.    As a result of DPL's continuous and (but for infringement) exclusive use of its distinctive Micro Ingredients® trademarks, and the commercial success of its goods provided under those marks, DPL has achieved significant brand name recognition in the Micro Ingredients® marks.

19.    Through DPL's extensive use, considerable sales and investment in time and marketing, DPL's Micro Ingredients® marks have gained considerable notoriety and goodwill among the consuming public.  As a result, DPL's Micro Ingredients® marks are of significant value to DPL as an identifier of source in connection with the promotion and offering of DPL's products.

20.    DPL's Micro Ingredients® marks have come to represent the valuable goodwill and reputation of DPL in the market for health and wellness nutrition products and food supplements.  As a result, the consuming public has come to expect that such goods marketed and

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT

sold under the Micro Ingredients® marks, or confusingly similar marks, are associated with a single source of goods, namely DPL.

21.     As a result of DPL's continuous use of the Micro Ingredients® marks, and DPL's extensive marketing efforts for Micro Ingredients® Products, purchasers of health and wellness nutrition products and food supplements recognize the Micro Ingredients® marks as indicators of source associated with the high-quality products offered for years by DPL.  The public goodwill associated with the Micro Ingredients® marks is among DPL's most valuable assets.

### III.  DEFENDANTS' COUNTERFEITING AND INFRINGEMENT OF DPL'S REGISTERED MARKS

22.     By or around May 2026, Defendant Doud caused his Amazon seller account 3DB.MKT to offer and sell counterfeit products on Amazon.com that were identical in appearance to DPL's Micro Ingredients® Organic Lion's Mane Powder, Micro Ingredients® Astaxanthin, and Micro Ingredients® Oil of Oregano, among others, sold on Amazon.com by Bayland. Exemplary photographs of Defendants' counterfeit products are shown below.

 

23.     Defendants sold the counterfeit products ("Counterfeit Products") under Bayland's Amazon listings, by representing to Amazon that the Counterfeit Products were genuine Micro Ingredients® Products.

24.     In July 2026, Bayland employees investigated the Counterfeit Products and purchased samples of the Counterfeit Products. Bayland employees purchased Defendants'

-5-

COMPLAINT

Astaxanthin and Lion's Mane products by selecting 3DB.MKT as the Shipper/Seller on Bayland's Amazon listing, as highlighted in the blue circle below.

25.     Upon arrival, Bayland employees reviewed the purchased products and confirmed that the products were not genuine Micro Ingredients® Products, although the packaging of the purchased products was virtually indistinguishable in content, design, and overall appearance from the packaging of DPL's genuine Micro Ingredients® Astaxanthin and Lion's Mane products.

26.     Because the source and manufacture of the Counterfeit Products is unknown, Plaintiffs cannot test or control the quality of the Counterfeit Products, which may be adulterated or otherwise of lesser quality than genuine Micro Ingredients® Products. Consumers may be at risk from the Counterfeit Products. Plaintiffs' reputation for quality is also at risk. The existence of the Counterfeit Products is causing irreparable harm to Plaintiffs.

27.     Upon confirming that the products sold by Defendants on Amazon were counterfeit products, Bayland contacted Amazon and provided notice that 3DB.MKT was offering Counterfeit Products on the Amazon.com platform. The 3DB.MKT store is currently inactive on Amazon.com.

28.     On information and belief, Defendants aided and abetted the creation of the Counterfeit Products and/or the importation of the Counterfeit Products into the United States.

-6-

COMPLAINT

Stoel Rives LLP
Attorneys at Law
Sacramento

29.     On information and belief, the Counterfeit Products continue to be offered and sold by third parties in concert with Defendants.

30.     According to State of Kansas business records, Defendant Doud is the organizer and owner of Defendant 3DB.MKT and the only natural person associated with Defendant 3DB.MKT. Doud identified himself as "Founder & Owner" of 3DB.MKT on a 2025 resume (enclosed as Exhibit B).

31.     Prior to filing this complaint, Bayland send a cease and desist letter to 3DB.MKT LLC (the "resident agent" of 3DB.MKT in Kansas business records) at the registered office of 3DB.MKT, at 809 N Cedar Park St., Wichita, Kansas 67235. Although Bayland sent the letter by certified mail, the postal service returned the letter unopened because no one at the address acknowledged the addressee and would not sign to receive it.

32.     Upon information and belief, neither Doud nor 3DB.MKT resides or has a place of business at the registered office address of 809 N Cedar Park St., Wichita, Kansas 67235.

33.     Upon information and belief, Doud has maintained the Seller address with Amazon and with the State of Kansas in order to obscure Defendants' location.

34.     Upon information and belief, Defendants hold inventory of the Counterfeit Products, have pending orders to purchase and/or import the Counterfeit Products, and may continue selling the Counterfeit Products through Amazon or other channels.

35.     Defendants seek and have received direct material benefits from selling the Counterfeit Products.  Because the Counterfeit Products are counterfeits of DPL's genuine Micro Ingredients® Products, consumers and potential customers are likely to be confused and may assume that the Counterfeit Products are DPL's Micro Ingredients® Products and/or are authorized, sponsored or licensed by, or affiliated with DPL's Micro Ingredients® brand.

36.     Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiffs, to an extent not yet ascertained.

///

///

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

-7-

COMPLAINT

## FIRST CAUSE OF ACTION

### (Trademark Infringement – 15 U.S.C. § 1114, 1125)

37. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

38. Defendants' offering and sale of the Counterfeit Products, bearing an identical but unauthorized imitation of the Micro Ingredients® mark, constitutes a use in commerce of a counterfeit, copy, or colorable imitation of DPL's Micro Ingredients® Products and Micro Ingredients® Registrations in connection with the sale, offering, distribution, or advertising of nutrition supplement products that is likely to cause confusion, mistake, or deception, in violation of 15 U.S.C § 1114(a).

39. Defendants' offering and sale of the Counterfeit Products constitutes a reproduction, counterfeit, copy, or colorable imitation of DPL's Micro Ingredients® Products applied to labels, packages, wrappers, receptacles, or advertisements intended to be used in commerce in connection with the sale, offering, distribution, or advertising of whitening products likely to cause confusion, mistake, or deception, in violation of 15 U.S.C § 1114(b).

40. Defendants' offering and sale of the Counterfeit Products constitutes a use in commerce of a name, symbol, false designation of origin, false description of fact, or false representation of fact that is likely to cause confusion, mistake, or deception, as to the affiliation, connection, or association of Defendants with Plaintiff's and/or with DPL's Micro Ingredients® Products or as to the approval of the Counterfeit Goods by Plaintiffs in violation of 15 U.S.C § 1125(a).

41. Defendants' offering and sale of the Counterfeit Products constitutes a use in commerce of a name, symbol, false designation of origin, false description of fact, or false representation of fact that misrepresents in commercial advertising or promotion the nature, characteristics, and qualities of the Counterfeit Goods in violation of 15 U.S.C § 1125(b).

42. Plaintiffs are entitled to recover their actual damages, including but not limited to any lost profits of Bayland, and disgorgement of Defendants' profits arising from the sale of Counterfeit Products.

-8-

Stoel Rives LLP
Attorneys at Law
Sacramento

COMPLAINT

43.    Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to recover Defendants' profits and the costs of the action.

44.    Because Defendants' actions in offering and selling the Counterfeit Products constitutes a reproduction, counterfeit, copy, or colorable imitation of DPL's Micro Ingredients® Products and was intentional and in bad faith, the Court should enter an award of enhanced damages under 15 U.S.C. § 1117(a)(3) in an amount up to three times the actual damages.

45.    This case is exceptional under 15 U.S.C. § 1117(a)(3), and Plaintiffs should be awarded its reasonable attorneys' fees.

46.    Defendants' actions have caused and continue to cause Plaintiffs irreparable harm, including as to the reputation of DPL's Micro Ingredients® Products and as to Bayland's reputation as an Amazon seller. Plaintiffs are without an adequate remedy at law.

47.    In addition, because Plaintiffs' remedies under 15 U.S.C. § 1117(a), while necessary, are not sufficient to fully protect Plaintiffs' continuing interest in preserving the Micro Ingredients® marks against future infringement by Defendants, Plaintiffs is entitled to an injunction against Defendants' marketing, offering, or selling in the future of DPL's Micro Ingredients® Products, or any colorable imitation or confusingly similar variation of the same, including any offering or sale of the Counterfeit Products.

## SECOND CAUSE OF ACTION

### (Counterfeiting – 15 U.S.C. § 1114, 1116(d))

48.    Plaintiffs repeat and incorporate by reference the allegations set forth above as though fully set forth herein.

49.    Defendants' offering and sale of the Counterfeit Products, bearing an identical but unauthorized imitation of the Micro Ingredients® mark, constitutes a use in commerce of a counterfeit, copy, or colorable imitation of DPL's Micro Ingredients® Products and Micro Ingredients® Registrations in connection with the sale, offering, distribution, or advertising of nutrition supplement products that is likely to cause confusion, mistake, or deception, in violation of 15 U.S.C § 1114(a).

-9-

Stoel Rives LLP
Attorneys at Law
Sacramento

COMPLAINT

50.    Defendants' offering and sale of the Counterfeit Products constitutes a reproduction, counterfeit, copy, or colorable imitation of DPL's Micro Ingredients® Products and Micro Ingredients® Registrations applied to labels, packages, wrappers, receptacles, or advertisements intended to be used in commerce in connection with the sale, offering, distribution, or advertising of whitening products likely to cause confusion, mistake, or deception, in violation of 15 U.S.C § 1114(b).

51.    Defendants' offering and sale of the Counterfeit Products constitutes a use of a counterfeit mark because the Counterfeit Products are each a counterfeit of DPL's Micro Ingredients® Products and substantially indistinguishable from DPL's genuine Micro Ingredients® Products, as defined in 15 U.S.C § 1116(d). Indeed, Defendants sold the Counterfeit Products as DPL's Micro Ingredients® Products through Bayland's Amazon listings on Amazon.com.

52.    Plaintiffs are entitled to recover their actual damages, including but not limited to any lost profits of Bayland, and disgorgement of Defendants' profits arising from the sale of Counterfeit Products.

53.    Defendants' actions have caused and continue to cause Plaintiffs irreparable harm, including as to the reputation of DPL's Micro Ingredients® Products and as to Bayland's reputation as an Amazon seller. Plaintiffs are without an adequate remedy at law.

54.    Plaintiffs are entitled under 15 U.S.C. § 1117(c) to recovery statutory damages up to $2,000,000 per each of DPL's Micro Ingredients® Registrations per type of Counterfeit Product because Defendants' offering and sale of the Counterfeit Products constitutes the willful use of a counterfeit mark under 15 U.S.C § 1116(d).

### THIRD CAUSE OF ACTION

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq*)

55.    Plaintiffs repeat and incorporate by reference the allegations set forth above as though fully set forth herein.

56.    Defendants have engaged in unfair methods of competition by using and continuing to use DPL's Micro Ingredients® brand in connection with goods or services in

COMPLAINT

commerce, in a manner that is likely to cause confusion, mistake, or deception as to the source, sponsorship, approval or certification of such goods or services, specifically by intentionally offering and selling the Counterfeit Products that are counterfeits of DPL's Micro Ingredients® Products.

57. Defendants' actions constitute unfair competition and passing off under Cal. Bus. & Prof. Code § 17200.

58. Defendants' actions have caused and continue to cause Plaintiffs irreparable harm, including as to the reputation of DPL's Micro Ingredients® Products and as to Bayland's reputation as an Amazon seller. Plaintiffs are without an adequate remedy at law.

59. Based on the foregoing, Plaintiffs are entitled to declaratory, injunctive and monetary relief against Defendants, including disgorgement and attorneys' fees and costs, pursuant to Cal. Bus. & Prof. Code § 17200 *et seq*.

### FOURTH CAUSE OF ACTION

### (Common Law Unfair Competition)

60. Plaintiffs repeat and incorporate by reference the allegations set forth above as though fully set forth herein.

61. Defendants' actions constitute unfair competition by misappropriation of DPL's labors and expenditures in violation of the common law.

62. Defendants' actions constitute unfair competition by passing off the Counterfeit Products as genuine Micro Ingredients® Products.

63. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continues to suffer damages, in an amount to be determined at trial. Plaintiffs are entitled to recover their actual damages, including but not limited to any lost profits of Bayland, and disgorgement of Defendants' profits arising from the sale of Counterfeit Products.

64. Based on the foregoing, Plaintiffs are entitled to declaratory, injunctive and monetary relief against Defendants, along with its attorneys' fees and costs.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

-11-

COMPLAINT

65.    Because Defendants' actions were and continue to be willful and/or reckless, with the intent to profit and/or cause confusion, mistake and/or deception, Plaintiffs are entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

1.    For a declaration that Defendants' actions constitute counterfeiting and trademark infringement of DPL's Micro Ingredients® Marks in violation of the Lanham Act, 15 U.S.C. § 1114, 1116, and 1125;

2.    For an order preliminarily and permanently enjoining and restraining Defendants and each their respective officers, agents, representatives, employees, attorneys, successors, assigns, affiliates and any persons in active concert or participation of any of them, from (a) importing, offering, distributing, or selling the Counterfeit Products; (b) infringing DPL's Micro Ingredients® Marks; and (c) using any colorable imitation or confusingly similar variation of DPL's Micro Ingredients® Marks;

3.    For statutory damages in the amount of $2,000,000 per each of DPL's Micro Ingredients® Marks used on Defendants' Counterfeit Products, and alternatively, for trebled actual damages equal to three times the greater of Defendants' profits derived from, or Plaintiffs' damages resulting from Defendants' wrongful acts, and interest thereon;

4.    For an amount equal to Plaintiffs' costs and reasonable attorneys' fees for this action;

5.    For disclosure to Plaintiffs and this Court the location, quantity, source, and manufacture of all Counterfeit Products and for destruction of said Counterfeit Products;

6.    For an order that Defendants file with the Court and serve on Plaintiffs within thirty days after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants has complied with the injunction, pursuant to 15 U.S.C. § 1116; and

COMPLAINT

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

7.      For an order granting Plaintiffs such other and further relief as the equity of the case may require and this Court may deem just and proper, together with the costs, reasonable attorneys' fees and disbursements incurred by Plaintiffs in this action.

DATED:  August 5, 2026.

STOEL RIVES LLP

/s/ Bryan L. Hawkins
Bryan Hawkins
Elliott J. Williams *[Pro Hac Vice Pending]*

*Attorneys for Plaintiffs*

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

-13-
COMPLAINT